In re COWEN.

(Supreme Court, Appellate Division, First Department.   June 23, 1905.)

ADMINISTRATORS—ACCRUING FUNDS—DUTY TO PAY TO LEGATEES.

An administratrix is bound to presently pay over to the committee of an incompetent legatee accruing rents to which the incompetent is entitled under the will, and is not justified in waiting until she has submitted an annual accounting and procured its approval by the surrogate before making such payment.

Appeal from Order of Surrogate, New York County.

Petition by Sidney J. Cowen, as committee of Mary A. Dunn, an incompetent, for the removal of Carrie B. Cawley as administratrix c. t. a. of Ellen L. Dunn, deceased. From an order of the surrogate denying the prayer of the petition, petitioner appeals.   Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Alfred B. Jaworrower, for appellant.

John V. Judge, for respondent.

PATTERSON, J.   Sidney J. Cowen, as committee of the person and estate of Mary Ann Dunn, an incompetent, presented his petition to the Surrogate's Court of the County of New York, praying for the removal of Carrie B. Cawley, as administratrix with the will annexed of Ellen L. Dunn, the mother of the incompetent person. The ground upon which the application for the removal was sought is that for a long time the administratrix refused to pay to the petitioner one-half of the rents of certain premises which belonged to the incompetent, and that after various warnings and demands she persisted in her refusal to pay over those rents as and when they were collected.   It appears that the administratrix has insisted upon annual accountings before she would make payments as demanded by the committee.   It was declared by the presiding justice of this court in 1897 that the administratrix had no right to put the lunatic's estate to the expense of an accounting each year in order that her committee should get that which belonged to her and which is necessary for her support, and, notwithstanding that intimation, the administratrix has still persisted in her course.   In answer to the application of the committee, the administratrix set forth facts which, as she says, impelled her in what she considered to be the performance of her duty to insist upon accounting before she made payments to the committee; and it appears that those facts were not before the presiding justice of this court when the remarks above referred to were made by him.   The learned surrogate denied the motion to remove the administratrix, and was seemingly impressed with the belief that she was acting honestly and conscientiously, and that no cause existed for her removal.

On an examination of the whole record, we are not disposed to interfere with the decision of the surrogate, inasmuch as the administratrix seems to have satisfied him that her action in insisting upon annual accountings was for her own protection, and in view

of what are disclosed to be very strained relations between the committee and herself. It is manifest, however, that the administratrix is bound to pay over to the committee the proportion of the rents of the premises to which his ward is entitled, and he is not compelled to wait from year to year to receive the money with which to provide for the support of his ward, or until the surrogate has passed upon the administratrix's accounts.

The order appealed from should be affirmed, without costs, and without prejudice to the right of the committee to again apply for the removal of the administratrix if she still further persists in detaining from him the moneys to which he is entitled as they accrue. All concur.